AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 03 2019

| | |
|---|---|
| United States of America<br>v.<br><br>Tavor Tom<br>Year of Birth 2000<br>*Defendant(s)* | Case No. 19-MJ-1913 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __07/01/2019__ in the county of __San Juan__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1111(a) | Murder |
| Title 18 U.S.C. § 1153 | Offenses Committed in Indian Country |

This criminal complaint is based on these facts:
See attached Affidavit hereby incorporated by reference as if fully restated herein.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Gary Cahoon, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 3, 2019

City and state: Farmington, NM

_____
*Judge's signature*

B. Paul Briones, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW MEXICO

### AFFIDAVIT

I, the undersigned, being duly sworn, depose, and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been employed in that capacity since April 1999. I am currently assigned to the Albuquerque Division, Farmington Resident Agency of the FBI, and have primary responsibility for investigating major crimes that occur in Indian Country, including, but not limited to, homicides, aggravated assaults, and sexual assaults. I am also responsible for investigating all other federal crimes for which the FBI investigates or has jurisdiction. The information set forth in this affidavit has been derived from my own investigative efforts, the investigative efforts of several Navajo Nation Criminal Investigators, and/or communicated to me by other law enforcement officers. This affidavit is intended to merely show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. This investigation concerns alleged violations of 18 USC § 1111(a) – Murder; and 18 USC § 1153 - Offenses Committed in Indian Country.

3. On 07/02/2019, at approximately 11:50 a.m., Shiprock Criminal Investigator (CI) Jerrick Curley, Navajo Department of Criminal Investigations (NDCI), notified me of a possible homicide at a residence in Shiprock, New Mexico, which is located within the exterior boundaries of the Navajo Nation Indian Reservation. CI Curley

    advised that he was on his way to said residence and would provide me additional information once he arrived there and met with police officers with the Navajo Police Department (NPD).

4. Shortly after CI Curley arrived at said residence he contacted me and advised that a deceased female, Year of Birth (YOB) 1974, hereinafter referenced as Victim, was lying on the bedroom floor at her residence with what appeared to be multiple lacerations and blood on and around the area where she lay. CI Curley further advised that Victim's nephew, Tavor Tom, YOB 2000, hereinafter referenced as TOM, had been involved in a single vehicle crash in the area of Nenahnezad, New Mexico, which is located on the Navajo Nation Indian Reservation, and the vehicle (black 2016 Jeep Cherokee Sport) he was found in belonged to Victim. Additionally, inside the vehicle was a knife containing suspected blood. Emergency Medical Services (EMS) responded to the scene of the vehicle crash and subsequently transported TOM to the San Juan Regional Medical Center (SJRMC), in Farmington, New Mexico. I informed CI Curley that I would be leaving shortly to go to said residence.

5. Upon arriving at said residence at approximately 1:20 p.m., I observed that the residence was a grey, single-wide trailer, located approximately 25 yards east of Nizhoni Smile Dental in Shiprock, New Mexico. I initially spoke with CI Jefferson Joe, NDCI, who was there, as well as Sergeant (Sgt.) Francis Yazzie, NPD. CI Curley left the scene earlier to go interview Victim's father, hereinafter referenced as R.C., and Victim's sister, hereinafter referenced as M.T., at the Shiprock Criminal Investigations Office.

6. Shortly after arriving at Victim's residence, I spoke briefly with Derrick Woody, Navajo Nation Fire, regarding the single vehicle crash involving TOM, as he had responded to said crash earlier that morning. Woody advised that EMS1 and MEDIC4 with the SJRMC responded to the crash and told him that TOM tried to overdose on Mucinex, an over-the-counter medicine, which was located inside the vehicle, as well as vomit. Emergency Responders informed Woody that TOM was the only one inside the vehicle when they arrived on scene.

7. Sgt. Francis Yazzie reported to me that he responded to the scene of the vehicle crash and observed a knife with suspected blood on the passenger side floor board of Victim's vehicle, and described it as a folding knife. From outside the vehicle, Yazzie took photos of the knife and advised that he would include said photos with his police report. Sgt. Yazzie further reported that there was a damaged fence at a church in close proximity to where Victim's vehicle was located, which appeared to be consistent with damages he observed on Victim's vehicle.

8. CI Jefferson Joe reported to me that Victim's vehicle was subsequently towed to a secure lot in Shiprock by ProTow and would remain there until he heard otherwise from me. I plan to have Victim's vehicle towed to the Farmington FBI Office at a later date/time for the purpose of being searched and examined for evidentiary purposes.

9. R.C. and M.T. showed up at Victim's residence after being interviewed by CI Curley. R.C. told me that TOM had come by his residence, which is next door to Victim's residence, on 07/01/2019, at approximately 6:00 p.m., to use his computer, and then he left shortly thereafter. R.C. did not know where TOM went

after leaving his residence. R.C. further told me he was the one who discovered Victim the morning of 07/02/2019, at approximately 10:00 a.m., when he went to check on her inside her residence, as her adult children were concerned because they had been trying to reach her by phone and she was not answering. After R.C. discovered Victim and realized she was deceased, he called 911.

10. M.T. provided the following information to me: TOM is her son and he lives with her at her house in Shiprock, which is in close proximity to Victim's residence. TOM always rides his red ATV around and advised that it was currently parked next to R.C.'s residence. M.T. received a text message from TOM the previous night (07/01/2019) and indicated he was with his friends. M.T. went to visit Victim at her residence the previous evening (07/01/2019), at approximately 6:30 p.m. When M.T. arrived and saw that Victim's vehicle was gone, she assumed Victim left in her vehicle to go somewhere. TOM has been addicted to Mucinex for several years and uses it to get high. TOM also has been suicidal in the past and has become more violent recently. TOM was recently treated at the Northern Navajo Medical Center (NNMC) in Shiprock and is currently receiving mental health services there. TOM often takes M.T.'s vehicle without her permission and uses it to drive to the store to steal Mucinex. TOM regularly steals Mucinex from stores in the areas for the purpose of getting high. M.T. was aware that TOM was found inside Victim's vehicle that morning and had been transported to the SJRMC. M.T. believed TOM was the one who killed Victim. R.C. and M.T. both advised that TOM often went by and visited Victim at her house and that they got along with one another.

11. During the afternoon of 07/02/2019, a consent search of the interior and exterior of Victim's residence was conducted. During the search, the key belonging to the red ATV was found on a couch in the living room area, a cell phone was found on a separate couch in the same living room area, there were numerous droplets of suspected blood in the kitchen area, laundry room, and bedroom where Victim was found. Additionally, the medicine cabinet door was open in the kitchen and it appeared that someone had rummaged through the prescriptions and over-the-counter medications. The ATV key, cell phone, several suspected blood swabs, and a pillow case with suspected blood were collected as evidence and transported to the Shiprock Criminal Investigations Office.

12. During the search of Victim's residence, the Office of the Medical Investigator (OMI) Field Investigator arrived on scene and subsequently conducted her investigation. During her investigation and that of the investigators on scene, Victim was observed to have trauma and lacerations to her neck, back, and chest area. OMI pronounced Victim's death at 5:30 p.m., on 07/02/2019.

13. On 07/02/2019, FBI Special Agent (SA) Kalon Fancher interviewed TOM at the SJRMC. After SA Fancher determined TOM was in a position to talk and was advised that he, TOM, did not have to speak with SA Fancher, TOM subsequently admitted to killing Victim with a folding knife that he had taken from his father's vehicle at approximately 1:00 p.m. on 07/02/2019 with the intention of later going to Victim's residence to steal her vehicle for the purpose of using it to drive to Farmington to steal Mucinex. That evening (07/02/2019), at around 5:00 or 6:00 p.m., TOM advised that he went to Victim's residence, slit her throat and then

stabbed her seven (7) or (8) times with the knife he took from his father's vehicle, and then stole her vehicle. TOM then drove to the Walmart store in west Farmington, stole Mucinex from there at approximately 7:00 p.m., and then took the back roads to Shiprock. While driving in the area of Nenahnezad, which is located on the Navajo Nation Indian Reservation, he crashed Victim's vehicle into a fence at a church and then could not drive the vehicle further, as the vehicle had been damaged and he was high from the Mucinex. The next morning, Emergency Responders found him inside Victim's vehicle and then transported him to SJRMC.

14. Based on the aforementioned facts, I respectfully submit that there is probable cause that TOM, an enrolled member of the Navajo Nation Indian Reservation, violated 18 U.S.C. §§ 1111(a), 1153, when he unlawfully killed Victim, an enrolled member of the Navajo Nation Indian Reservation, with malice aforethought at her residence in Shiprock, New Mexico, which is located within the exterior boundaries of the Navajo Nation Indian Reservation, in the District of New Mexico.

15. I swear this information to be true and correct to the best of my knowledge and belief.

16. Supervisory Assistant United States Attorney Kyle Nayback reviewed and approved this affidavit for legal sufficiency.

Respectfully submitted,

Cary Cahoon
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on July 3, 2019.

UNITED STATES MAGISTRATE JUDGE