IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 19-02180-WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **TAVOR TOM,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States respectfully submits this sentencing memorandum and hereby requests the Court adopt the findings in the PSR and sentence Defendant to imprisonment for 210 months, followed by five years of supervised release with the conditions contained in attachment A of the Presentence Investigation Report, a $100 special penalty assessment, and $21,606.06 of restitution.

**I.    Facts**

On July 1, 2019, Defendant brutally killed his aunt in Shiprock, New Mexico. (Doc. 38, ¶ 10). Prior to the murder, Defendant and his aunt enjoyed a generally amicable relationship. *Id.*, ¶ 16. However, sometime around 2014, Defendant became addicted to dextromethorphan, a substance found in over-the-counter medication Mucinex DM. *Id.*, ¶¶ 13, 25, 60. On the evening of July 1, 2019, he stopped by his aunt's house with the intent to steal her car so he could acquire more Mucinex DM. *Id.*, ¶ 19. However, once he was inside her house, the attempted theft became infinitely worse. Before stealing her car, Defendant decided to stab his

aunt seventy-five times in the face, back, abdomen, arms, hands, and neck. *Id.*, ¶ 20. She died of blood loss on the floor of her bedroom, alone and suffering. *Id*.

On July 3, 2019, Defendant was charged by complaint with murder. (Doc. 1). On July 17, 2019, a federal grand jury indicted Defendant for second-degree murder in Indian Country in violation of 18 U.S.C. § 1111 and 1153. (Doc. 15). On November 24, 2020, Defendant pleaded guilty to the indictment. (Doc. 36). As part of the plea agreement, the parties reserved the right to argue for any statutorily authorized sentences, including departures and variances. *Id.*, ¶ 10.

On January 21, 2021, the USPO submitted a PSR to the Court. (Doc. 38). The USPO calculated Defendant's guidelines range as 168 to 210 months of imprisonment. *Id.*, ¶ 69. The USPO advised that a "sentence within the advisory guideline range may be warranted in this case." *Id.*, ¶ 86. The United States asserts that full consideration of the sentencing factors warrants imprisonment of Defendant for 210 months followed by five years of supervised release with the conditions described in the PSR, and restitution in the amount of $21,606.06.

**II.     Analysis Under 18 U.S.C. § 3553(a)**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. *United States v. Booker*, 543 U.S. 220 (2005). While a sentence within the guidelines is presumptively reasonable, a court may vary after consideration of all of the sentencing factors. *Gall v. United States*, 552 U.S. 38, 49 (2007). The greater the degree of variance, the greater the justification needed. *Id*.

A sentence of imprisonment on the high-end of the applicable guidelines range is appropriate. While several factors weigh neutrally, upward pressure is applied based upon the nature and circumstances of the offenses, need for adequate deterrence, the applicable sentencing guidelines, and the need to avoid disparities support an imposition of a guidelines sentence.

### A. The Nature and Circumstances of the Offenses and the Defendant's History and Characteristics

A court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id*. § 3553(a)(1). This analysis "is aimed at distinguishing among defendants who commit a particular offense or type of offense." *United States v. Irey*, 612 F.3d 1160, 1202 (11th Cir. 2010). In distinguishing, a court may consider brutality. *United States v. Jim*, 347 F. Supp. 3d 847, 867 (D.N.M. 2018).

Although addressing an upward departure, the Tenth Circuit reasoned that brutality provides upward pressure on the reasonableness of a sentence. In *United States v. Kelly*, 1 F.3d 1137 (10th Cir. 1993), the Tenth Circuit upheld the imposition of an upward departure for extreme conduct relating to a second-degree murder conviction. There, a doctor testified that the victim died from "a combination of blunt and sharp force injuries of the head and neck." *Id*. at 1144. The injuries inflicted by Kelly were gratuitous because they were "unnecessary or unwarranted." *Id*. The Court reasoned the injuries were "beyond what is necessary to effectuate the death of the victim." *Id*. Kelly "inflicted cumulative damage beyond the threshold necessary to kill the victim." *Id*.

The nature and circumstances of the offense supports imprisonment for 210 months. Defendant murdered his aunt in a senseless and brutal manner. Motivated by a desire for drugs, he stabbed his aunt seventy-five times, throughout her body. The stabbing was so frenzied, two of the stab wounds penetrated her skull. (Doc. 38, ¶ 20). She died of blood loss. This level of brutality far exceeds what would have been necessary to effectuate a murder. Defendant's frenzied stabbing of his aunt's whole body was extremely cruel, even compared to other murders, warranting a sentence on the high-end of the guidelines range.

Defendant's characteristics do not warrant a sentence on the low-end of the guidelines, much less a variance. It is undisputed that Defendant is young and has had some traumatic experiences. His drug use clearly contributed to these experiences. However, he seems disinterested in curtailing his drug use. According to Defendant, treatment "takes up too much time." (Doc. 38, ¶ 60). This level of apathy to his drug use, even after multiple overdoses and the murder of a loved-one, indicates that he is not interested in changing his life. Therefore, even if the brutal murder of his aunt can be partially attributed to Defendant's drug use, the fact that he does not intend curtail his drug use indicates he will remain a public safety risk.

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

A sentence within the guidelines range would reflect the seriousness of the offense and provide adequate deterrence. Deterrence includes both general deterrence and specific deterrence. *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006). While general deterrence's goal is to "deter others from committing the same crime by demonstrating its disadvantageous consequences," specific deterrence's goal is "to incapacitate the wrongdoer, so as to protect society from further criminal activity." *Irey*, 612 F.3d at 1227. An overly lenient sentence "signals to others that it is not a big deal to repeatedly defy United States' laws." *United States v. Corchado-Aguirre, 15-2115*, 2015 WL 6123216 (10th Cir. Oct. 19, 2015).

A sentence of 210 months of imprisonment reflects the seriousness of the offense. Second-degree murder is one of the most serious federal crimes. Congress clearly indicated the severity of the crime by making the maximum penalty imprisonment for life. 18 U.S.C. § 1111(b). As a general deterrent, a sentence on the high end of the guideline range discourages others from perpetrating this type of heinous crime. As a specific deterrent, Defendant will be

incapacitated from committing this type of crime against his family and community for the duration of his prison sentence.

### C. The Sentencing Guidelines for the Applicable Category of Offense Committed by the Applicable Category of Defendant

The Court must consider under 18 U.S.C. § 3553(a)(4) the sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant. The Supreme Court has recognized that even in the post-*Booker* world "the [Sentencing] Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise . . .'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). "In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve 3553(a)'s objectives.'" *Id*. "[A] sentence within the correctly determined advisory guidelines range is entitled to a rebuttable presumption of reasonableness." *United States v. Mateo*, 471 F.3d 1162, 1169 (10th Cir. 2006). A court must provide "compelling reasons" for divergence from the advisory guideline range. *Id*.

A sentence within the applicable range is reasonable. The USPO assessed Defendant's applicable guidelines range as 168 to 210 months of imprisonment. They noted that a sentence within this range would be reasonable. (Doc. 38, ¶ 86). Furthermore, a sentence within this range would be presumed reasonable upon appellate review. As noted above, within the range, there is upward pressure based upon Defendant's brutality.

### D. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records who have Been Found Guilty of Similar Conduct

The court must consider the need to avoid unwarranted sentence disparities among defendants situated similarly. 18 U.S.C. § 3553(a)(6). A sentence within the statutory limit, accounting for the guideline range is the best approach to preventing unwarranted sentencing disparities between similarly-situated defendants. The values of the justice system are undermined when there is substantial variance in sentences for similar offenses between judicial districts and even between individual judges in a single district. Furthermore, uniform application of the Guidelines can temper the unconscious influence of inappropriate factors in sentencing such as race or gender. Given the compelling interest served by the Guidelines in avoiding unwarranted and unjust disparities in sentencing, a sentence of 210 months is appropriate.

### III. Conclusion

WHEREFORE, the United States hereby requests the Court adopt the PSR and sentence Defendant to imprisonment for 210 months, followed by five years of supervised release with the conditions contained in attachment A of the PSR, a $100 special penalty assessment, and $21,606.06 of restitution.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on February 3, 2021*
JOSEPH M. SPINDLE
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused counsel of record to be served by
electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on February 3, 2021.

\_\_\_/s/_____
JOSEPH M. SPINDLE
Assistant U.S. Attorney